PSLC2
L. Guerra

FORM TO BE USED IN FILING COMPLAINT UNDER
THE CIVIL RIGHTS ACT, 42 U.S.C. 1983

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville DIVISION
1:03cv 202 -mu-2
(Leave this space blank)

_Freddie Taylor_

_____

_____

(Enter the full name <u>and</u> <u>address</u> of the
plaintiff or plaintiffs)

v.

PRISONER NO. _0400168_

_Mrs Sue Medford, Mr Keith Osteen,_

_N.C. department of Correctional,_

_Medical Utilization Review Brand, Nurse Godfrey_

(Enter the full name <u>and</u> <u>address</u> of the
defendant or defendants)

I. Have you begun other lawsuits in state or federal court
dealing with the same facts involved in this action?

Yes _____     No _✓_

If your answer is "Yes", describe each such lawsuit in the space
below (or on additional sheets if necessary):

Who was (were) the plaintiff(s) in the previous lawsuit?

_____

Who was (were) the defendant(s) in the previous lawsuit?

_____

In what court was the suit brought?  (If in federal court, name the
district; if in state court, name the county)

_____

_____

-1-

Date suit was filed: _____

Docket number (if known): _____

How did the lawsuit end? (For example, was it dismissed? Was it tried? Was it appealed? Is it still pending?)

_____

_____

_____

    II.  Place of present confinement: _Southern Correctional_
_Institution P.O. Box 786 Troy N.C. 27371_
             (Give name and address of place of confinement)

    III.  Give name and address of person to contact should your address change: _____ ⚫

_____

    IV.  Parties

(In item A below place your name and address first.  List the names and addresses of any other plaintiffs.)

A.  _Freddie Taylor; P.O. Box 786 Troy N.C._
_27371_

(In item B below place the full name of the defendant, his official position and his place of employment in the first blank.  List the names, official positions and places of employment of any other defendants in the remaining space.

B.  _① Mrs Sue Medford_ is employed as a _R.N. Nursing_
_Supervisor II At_ at _Marion Correctional_
_Institution P.O. Box 2405 Marion N.C. 28752._
_② Mr Keith Osteen Asst. Superintendant For_
_Programs At Marion Correctional Institution_
_③ Nurse Dodfrey Asst. Nurse At Marion Correctional_
_Institution, And the N.C. department of_
_Correctional Utilization Review Broad And_
_Nurse Delra Rodatz L.P.N. and Doctor Jaqust_

**V. Statement of claim**

State here BRIEFLY the FACTS of your case. Tell what each defendant did. Include also dates, places and the names of other persons involved. If you intend to allege a number of related claims, number and set forth each claim in a SEPARATE PARAGRAPH. Use as much space as you need. Attach extra sheets if necessary.

Preliminary Statement

This is A Civil rights Action Filed by Freddie Taylor, A State Prisoner, For damages And declartory judgment And injunctive relief Under 42 USC 1983, Alleging deliberate indifference in denying the Plaintiff Adequat medical Care to Serious medical Needs in Violation of the Eighth Amendment to the U.S. Constitution The defendants is being Sued in their Offical And Individual CAPACITY

Jurisdiction

① The Court has jurisdiction over the Plaintiffs Claims of Violation of Federal Constitutional rights Under 42 USC 1331 Ⓐ And 1343

②
The Court has Supplemental jurisdiction over the plaintiff's State Law tort Claims Under 28 U.S.C. 1367

③ The Plaintiff Alleges that the defendants Named Above deprived him of A Federal And Constitutional right, And the defendants who deprived the Plaintiff of that right Acted Under Color of State Law.

FACTS:

The Plaintiff A N.C. State Prison inmate who was at the time of said incident the Plaintiff was Confined At the Marion Correctional Institution in marion N.C.

At the time of Plaintiff Confinement to marion Corr. Institution he was being

( CONTINUE ON Attached )
pages # ONE

**VI. Relief**

State BRIEFLY exactly what you want the court to do for you.

Wherefore, Plaintiff requests that the Court grant's the following relief;

A- Issue A declaratory judgement stating that;

①- The defendants denying the Plaintiff medication due til A budget restraint is deliberate indifference to the Plaintiff serious medical need. And Violate's the Eighth Amendments to the U.S Constitution. (See Attached Pages) #9

Signed this __6__ day of __Aug 6, 03__ , ~~0~~. F.T.
2003

_____
Freddie Taylor
(Signature of plaintiff or plaintiffs.)
All who are plaintiffs must sign.

Subscribed And sworn
to before me this 6th
day of August 2003

Emma C. Dow
Notary Public

04-05-05

Administered Prevacid a medication
for a medical disorder of gastro-esophagus
Flex disorder which causes high stomach
Acid production.

The Prevacid was prescribed for the
Plaintiff to minimize the high stomach
Acid production in the Plaintiff stomach.

The Prevacid was also prescribed to
the Plaintiff to prevent the development
of and ulcerated and Hiatal Hernia
Condition. Which is a medical disorder
that causes serious pain and discomfort,
and even result in death if went
un treated.

Moreover, on chart review of the
Plaintiff medical record on Feb 25, 02
the Physician Doctor Terrapin at
Marion Correctional changed the Plaintiff
Medication from Prevacid to Ranitdine
which was dispense for Zantec

Ⓐ Delayed Medical treatment

Thereafter over a period of time

From March 27, 2002 until Oct 8, 2002 the Plaintiff repeatedly Complained to the medical staff at Marion Correction Institution that the Ranitdine he was being. Administered was'nt doing his medical Condition any good.

The Plaintiff also made it Clear to the medical staff that he was suffering great burning and pain in his esophagus.

On May 7, 02 after making several Complains to medical Concerning the Ranitdine Not doing his medical Condition any good. The Plaintiff was taken to Valdese Hospital to see the gastro - interologist,

The Plaintiff explained to the doctor specialist Suweel Mohammed who was the treating doctor. That he suffered the medical disorder of gastro - esophagus flex disorder which Causes excessive stomach Acid production.

The Plaintiff also explained to the doctor that he was taking Ranitdine but his medical Condition had gotten

Specialist the day before.

The Plaintiff then Filed A grievance At this Point requesting For the medication Prescribed For him on August 6, 2002 by doctor Specialist Suweel Mohammed.

Moreover, two weeks Later the defendants in response to the Plaintiff request. It was stated by Mrs. Sue Medford Nursing Supervisor At Marion Correctional institution, That the specialist doctor Suweel mohammed medical order was only A recommendation And did not have to be recognized. Because doctors, other then doctors employed by the North Carolina department of Correctional medical order had to be Approved by the medical utilization review broad First before their medical Plan was sufficient.

From August 6, 2002 until Oct 8, 02 the Plaintiff was administered inadequate

The defendants denied the Plaintiff
Prevacid the specialist Suneel Mohammed
ordered for the Plaintiff on August
6, 02. The defendants Continued to
Administer Ranitidine to the Plaintiff
there After for 49 days, with the
Knowledge that Ranitidine had been
discontinued for the Plaintiff medical
Needs, by A gastro-interologist
Specialist doctor Suneel Mohammed.

The defendants denial of adequate
medical Care for the Plaintiff serious
medical needs for two months
Constitutes deliberate indifference
And violates the Plaintiff Eighth
Amendment rights; to the U.S.
Constitution.
The defendants know of and
disregarded A substantial risk of serious
harm to the Plaintiff health.

The defendants to deny the Plaintiff
A doctor Specialist prescribed medical
Plan

Violates the Plaintiff Eighth Amendment rights And Constitute deliberate indifference to the Plaintiff Serious Medical Needs.

The defendants, Mrs Sue Medford, Mr Keith Osteen And the Utilization review broad. to deny the Plaintiff medication Prevacid, because of A budget restraint on Nor medical grounds Constitute deliberate indifference to the Plaintiff Serious medical needs in Violation of the Eighth Amendment to the U.S. Constitution.

On information And belief when A Prisoner files A grievance. The grievance staff call the matter to the attention of those individuals responsible for the matter that the grievance Concerns.

The Plaintiff ~~known~~ has exhausted All Available Administrative remedys. SEE (Exhibit # ONE, Two, And Three Attachments).

The Plaintiff At this time respectfully pray that this Honorable Court will Allow the Plaintiff Petition.

be examined by A qualified interologist
As soon as possible to check for
ukcerated, Hiatal Hernia and concerious
medical disorders.

The Petitioner Also request an injunction
to be issued ordering the treatment to
be Carry out without delay by such,
North Carolina department of Correctional
Personels who have Custody of the
Petitioner.

C - Issue
Compensatory damages in the following
Amount:
① - $500,000.00 ____ joinly And severally
Against the defendants who Are being
Sued in their Official And individual
Capacities. The medical supervisor II
At Marion Correctional Institution,
Mrs Sue Medford R.N., the North
Carolina Medical Utilization review broad
And Assistant superintendant for
Programs At Marion Correctional Institute
Mr. keith osteen And Nurse Godfrey

For the Physical injuries and Physical Pain and suffering sustainted as a result of the inadequate Medical Care.

D - award Punitive damages in the Following Amount:

① - $250,000.00 ___ each against the defendants, in their official and individual Capacities. Nursing Supervisor I Mrs sue Medford and Mr Keith Osteen Assistant Superintendant For programs at Marion Correctional Institution, Nurse Godfrey And the North Carolina department oF Correctional Utilization review Broad.

Verification

I declare under Penalty oF Perjury that the Foregoing statements are true And Correct to the best oF My Knowledge except as to those Matters that are stated in it on information And belief and as to those Matters I believe them to be true

Certificate of Service

This is to Certify that the Foregoing document was this day served upon the Following by depositing the same in the United States Mail, Postage prepaid, And Addressed As Follows:

Clerk's Office
Unit States District Court
309 U.S. Courthouse Bldg.
100 Otis Street
Asheville North Carolina
28801-2611

This the ___6___ day of ___August___ 2003

/s/ Freddie Taylor

Subscribed And Sworn
to before me this the 6th
day of ___August___ 2003

Emma C. New
04-05-05

DC-410 (8/89)

# NORTH CAROLINA DEPARTMENT OF CORRECTION
## DIVISION OF PRISONS
### ADMINISTRATIVE REMEDY PROCEDURE

1. Inmate Name: _Freddie Taylor_    2. Inmate No.: _0400168_

3. Location: _Mountain View Corr. Inst_    4. Date: _12-21-02_

5. Grievance Statement: _I am a inmate confinded at Mountain View Correction Institution in spruce pines North Carolina, I am writing this Grievance on the following individuals for denying me medication Prevacid and due til a budget restraint, and issuing me medication Zantic for 49 days after the specialess Gastric intercolgist had discentinu it on August 6, 02. The Named individuals who denied me medication and adequate medical care is listed as follows: (1)- Mrs Sue Medford R.N. Nursing supervisor II medical staff at marion Correctional Institution (2) - Mr Keith Osteen Assistant superintendant for programs at marion Correctional Institution. (3) Dr Rosemary Jackson Assistant Director of medical service and director of N.C. department of Correction medical utilization review Board. (see Attachment Pg._

6. What remedy would resolve your grievance?: _Award me compensatory damages for physical pain and suffering and emotional distress, for there deliberate indifference to provide adequate medical care to me._

7. Inmate Signature: _Freddie Taylor_

---

### OFFICIAL USE

8. Date received: _12/21/02_    9. _C/o Lewis Stewart_
Receiving Officer Signature

10. ☐ This grievance is returned and can only be accepted when your current grievance completes step two.

11. Date delayed: _/ /_    12. _____
Screening Officer Signature

13. The grievance is rejected for the following reason(s): (Enter Code) _____

  A. State or Federal Court Decision    B. Parole Commission Decision    C. Appeals disciplinary action
  D. Action not yet taken    E. Exceeds 1 year time limit    F. Remedy for another inmate
  G. More than one incident    H. ARP procedures not followed    I. Violates Disciplinary No. 38
  J. Beyond control of DOC

If grievance is rejected, # 13, # 14, # 15, and # 16 are completed by the Screening Officer, a photocopy of grievance is forwarded to Superintendent for review, and the original grievance is returned to inmate.

14. Rejection Justification: _____

_____

15. Date rejected: _/ /_    16. _____
Screening Officer Signature

17. Date accepted: _12/30/02_    18. _____
Screening Officer Signature

19. Grievance No.

_4855-2002- 775_

Item #13, 15, or 17 to be completed within 3 calendar days of item #8.
Distribution: White to point of final disposition, Blue for Unit record; Green to inmate.

Attachment page to Grievance
Submitted on 12-21-02 by
Inmate: Freddie Taylor # 0400168
At Mountain View Corr. Inst.

However After Forewards a Letter to Mrs Sue
Medford R.N. Nursing Supervisor II Medical Staff
At Marion Correctional Institution requesting for
And Explanation why I was being denied the
Medication the Specialess Gastro-interologist order
For me on August 6, 2002. The Medication thats
in question, is Prevacid. Mrs Medford responded
by Saying that the director Dr. Rosemary Jackson
of the Utilization Medical review board ordered
Prevacid be taken off the Approved Medical List,
because of A budget restraint.

Mrs Medford Further Stated that the Utilization
review board is Bottom Line Saving money.

She Further States that Outside insurance Compan[ies]
Are doing the same thing, they deny expensive
Drugs And peoples have to pay the Full Cost if
they Choose to take them. Mrs Medford Further
States that the drug Companies are getting ric[h]
From expensive drugs. Mrs Medford Also Stated
that the Medical Utilization review board was in
Agreement. Mr Keith Esleen reviewed these statemen[ts]
that was made by Mrs Sue Medford in relation-
to my Serious Medical need, And agreeded with
her And recommanded, No Further Action.

Of 49 days that I was in serious pain.

I Also explained that I needed the medication the specialess Gastro interologist ordered for me on August 6, 2002 (Prevacid), Because, the (Zantec the specialess had discontinued August 6, 02 didn't do my medical condition no good And the Zantec caused me serious side effects.

The named individuals Knew of and disregarded a substantial risk of serious harm to my health.

A medical need is considered serious if it causes pain, discomfort or threats to good health. Budget Constraints do not excuse prison officials liability for inadequate medical care.

The named individuals was aware of the fact that the Gastro interologist had diagnose me As having and ulcer in my esophagus. They also knew that I was in serious pain.

DC-410A·(11/99)

# NORTH CAROLINA DEPARTMENT OF CORRECTION
## DIVISION OF PRISONS
## ADMINISTRATIVE REMEDY PROCEDURE



## Step One - Unit Response

20. Grievance No.: **4855-2002-775**　　　21. Inmate Name: FREDDIE TAYLOR

22. Inmate No.: **0400168**

23. Grievance Response (Item #25 to be completed within 15 calendar days of date in item #17):

Inmate Taylor, I have reviewed your complaint and submit the following: A statement from Ms. Sue Medford, LPN and Nursing Supervisor at Marion Correctional Institution, explains that when an outside doctor makes a recommendation for an inmate it is only a recommendation and has to be approved by the facilities doctor before it is considered as a medical order. The Utilization Review Board in Raleigh did not approve the Prevacid that was recommended for you, but they did approve Protonix as a substitute. The drug Prevacid is no longer on the Doc formulary and has to be UR approved. If it is not approved there is no money to pay for it. Ms. Medford and her staff have followed correct policy and procedure in the way they have handled your medical needs. There is no evidence to suggest negligence or indifference by anyone involved in this matter.

No further action recommended.

24. Date : _1-10-03_

25. _____
　　　　　　Superintendent Signature

26. (A)____ Agree with grievance response

(B) ✓ Appeal to Step Two (24-hour limit)

27. Date: _1 - 21 - 03_

28. _Freddie Taylor_
　　　　　　Inmate Signature

## Step Two · Area/Complex/Institution Response

29. Step two response (Item #31 to be completed within 20 calendar days of date in item #27):

Your grievance has been properly responded to in Item #23 by E Unit Staff.

No further action recommended.

30. Date : _____

31. _____
　　　　　　Administrator Signature

32. (A)____ Agree with grievance response

(B) ✓ Appeal to Secretary, DOC (24-hour limit)

33. Date: _2 - 12 - 03_

34. _Freddie Taylor_
　　　　　　Inmate Signature

DISTRIBUTION: White to point of final disposition; Blue for Unit Record; Green to Inmate



DC-410B (10/96)

*Exhibit*
*# Three*

# NORTH CAROLINA DEPARTMENT OF CORRECTION

STATE OF NORTH CAROLINA

MICHAEL F. EASLEY
GOVERNOR

FINESSE G. COUCH
EXECUTIVE DIRECTOR

### INMATE GRIEVANCE RESOLUTION BOARD
P. O. Box 29540, Raleigh, NC 27626-0540

## Administrative Remedy Procedure

REV. CHARLES BULLOCK
CHAIRMAN

MEMBERS
LUCIEN CAPONE III
FRANCES L. DYER
JAMES C. JOHNSON
HILDAGENE REID

**Step Three**

| 29. Inmate Name: Taylor, Freddie | 36. GRB Grievance No.: 131737 |
|---|---|
| 37. Inmate No.: 08635-78    - 0400168 | 38. Unit Grievance No.: 4855-02-773 |
| 39. Location: Mountain View #4808 | 40. Date Received: 2/21/03 |

41. GRIEVANCE EXAMINER: Findings and Disposition Order.

Freddie Taylor filed this grievance on 12/21/02 at Mountain View #4808 alleging »Deliberate indifference to provide adequate medical care by new. Investigation reveals that a statement from Ms. Sue Medford, RN, Nursing Supervisor at Marion CI, explains that when an outside doctor makes a recommendation for an inmate, it is only A recommendation and has to be approved by the Medical's Section before it is considered as a medical order. The Utilization Review Board in Raleigh did not approve the Prevacid that was recommended for you but did approve Zantac, as a substitute. The drug Prevacid is no longer on the DOC Formulary and has to be UR approved. If it is not approved, there is no money to pay for it. Ms. Medford and her staff have followed correct policy and procedure in the way they have handled your medical needs. There is no evidence to suggest negligence or indifference by anyone involved in this matter. Sign up for sick call if you have further medical concerns.

This Examiner has carefully reviewed this grievance and the DC-410B response by staff. From this review, I am convinced that staff has adequately addressed this inmate's grievance concern.

On this record, it appears that proper action has been taken by staff to resolve the problem grieved by this inmate. That being the case, this grievance is hereby considered resolved by DCC staff.

42. Date: _____   43. _____
Inmate Grievance Examiner

DISTRIBUTION: Originals (DC-410, DC-410A, & DC-410B) to location of final action.

cc: [  ] Unit Superintendent
    [  ] Area Administrator
    [  ] In-State Jail Command
    [  ] Out-of-State Jail Command
    [  ] Private Substance Abuse Command

# United States District Court

DISTRICT OF _North Carolina_

WESTERN

Freddie Taylor

**Plaintiff**

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

V.

Mrs Sue Medford,

**Defendant**

**CASE NUMBER:**

I, _Freddie Taylor_ declare that I am the (check appropriate box)

☐ petitioner/plaintiff/movant          ☐ other

in the above–entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?     ☑ Yes     ☐ No     (If "No" go to Part 2)

   If "Yes" state the place of your incarceration _Southern Correctional Institution P.O. Box 786 Troy N.C. 27371_

   Are you employed at the institution? _No_   Do you receive any payment from the institution? _____

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed?     ☐ Yes     ☑ No

   a. If the answer is "Yes" state the amount of your take–home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No" state the date of your last employment, the amount of your take–home salary or wages and pay period and the name and address of your last employer.

   _July 1987 minimum wage_

3. In the past 12 twelve months have your received any money from any of the following sources?

   a. Business, profession or other self–employment     ☐ Yes     ☐ No
   b. Rent payments, interest or dividends     ☐ Yes     ☐ No
   c. Pensions, annuities or life insurance payments     ☐ Yes     ☐ No
   d. Disability or workers compensation payments     ☐ Yes     ☐ No
   e. Gifts or inheritances     ☐ Yes     ☐ No
   f. Any other sources     ☐ Yes     ☑ No

   If the answer to any of the above is "Yes" describe each source of money and state the amount received **and** what you expect you will continue to receive.

4. Do you have **any** cash or checking or savings accounts?  ☐ Yes  ☑ No

   If "Yes" state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?  ☐ Yes  ☑ No

   If "Yes" describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

   *NONE*

I declare under penalty of perjury that the above information is true and correct.

_8 - 6 - 2003_
**DATE**

_Freddie Taylor_
**SIGNATURE OF APPLICANT**

**NOTICE TO PRISONER:** A Prisoner seeking to proceed IFP shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts. expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

```
            NORTH CAROLINA DEPARTMENT OF CORRECTION          08/05/03
                  TRUST FUND ACCOUNT STATEMENT               09:55:30
              FACILITY: 3600  - SOUTHERN CI                  PAGE    1
                  FOR: 02/01/03 - 07/31/03
```

ACCT. NAME: TAYLOR, FREDDIE                          ACCT#: 0400168
        BED: DEN3W006                                TYPE: INMATE

        ENDING BALANCE 07/31/03  $     0.00  INCLUDES CANTEEN LIMIT OF $ 0.00

| DATE | BATCH NBR. | TYPE | REFERENCE NUMBER | FACL | +/- | AMOUNT | BALANCE |
|------|------|------|------|------|-----|--------|---------|
| 07/22/03 | 029 | CASHLS CANTEEN-I | 2003-07-22 | 3600 | - $ | 15.00 | $ 0.00 |
| 07/21/03 | 011 | MONEY ORDER DEP. | 73555496USPS | 3600 | + $ | 15.00 | $ 15.00 |
| 07/06/03 | 006 | CASHLS CANTEEN-I | 2003-07-04 | 3600 | - $ | 3.42 | $ 0.00 |
| 07/06/03 | 006 | CASHLS CANTEEN-I | 2003-07-03 | 3600 | - $ | 6.67 | $ 3.42 |
| 07/02/03 | 020 | CASHLS CANTEEN-I | 2003-07-02 | 3600 | - $ | 5.55 | $ 10.09 |
| 07/01/03 | 017 | CASHLS CANTEEN-I | 2003-07-01 | 3600 | - $ | 9.36 | $ 15.64 |
| 06/30/03 | 004 | MONEY ORDER DEP. | 73527001USPS | 3600 | + $ | 25.00 | $ 25.00 |
| 06/25/03 | 025 | CASHLS CANTEEN-I | 2003-06-25 | 3600 | - $ | 33.20 | $ 0.00 |
| 06/23/03 | 019 | CASHLS CANTEEN-I | 2003-06-23 | 3600 | - $ | 0.18 | $ 33.20 |
| 05/20/03 | 024 | CASHLS CANTEEN-I | 2003-05-20 | 3600 | - $ | 1.37 | $ 33.38 |
| 05/19/03 | 008 | CASHLS CANTEEN-I | 2003-05-19 | 3600 | - $ | 0.64 | $ 34.75 |
| 05/18/03 | 007 | CASHLS CANTEEN-I | 2003-05-18 | 3600 | - $ | 1.46 | $ 35.39 |
| 05/18/03 | 007 | CASHLS CANTEEN-I | 2003-05-17 | 3600 | - $ | 1.36 | $ 36.85 |
| 05/18/03 | 007 | CASHLS CANTEEN-I | 2003-05-16 | 3600 | - $ | 6.79 | $ 38.21 |
| 05/16/03 | 021 | SPECIAL DRAW CHK | 360009052 | 3600 | - $ | 2.00 | $ 45.00 |
| 05/14/03 | 017 | COPAY WITHDRAWAL | 0317032105I | 3600 | - $ | 3.00 | $ 47.00 |
| 05/14/03 | 013 | MONEY ORDER DEP. | 71998388USPS | 3600 | + $ | 50.00 | $ 50.00 |
| 05/09/03 | 009 | TRANSFER IN | | 3600 | + $ | 0.00 | $ 0.00 |
| 05/09/03 | 018 | TRANSFER OUT | | 3310 | - $ | 0.00 | $ 0.00 |
| 04/10/03 | 016 | TRANSFER IN | | 3310 | + $ | 0.00 | $ 0.00 |
| 04/10/03 | 018 | TRANSFER OUT | | 4855 | - $ | 0.00 | $ 0.00 |
| 03/02/03 | 010 | CASHLS CANTEEN-I | 2003-02-28 | 4855 | - $ | 0.12 | $ 0.00 |
| 02/23/03 | 008 | CASHLS CANTEEN-I | 2003-02-21 | 4855 | - $ | 2.56 | $ 0.12 |
| 02/16/03 | 008 | CASHLS CANTEEN-I | 2003-02-14 | 4855 | - $ | 0.71 | $ 2.68 |
| 02/09/03 | 009 | CASHLS CANTEEN-I | 2003-02-07 | 4855 | - $ | 4.41 | $ 3.39 |

| DEBT DATE | DEBT TIME | TYPE OF DEBT | AMOUNT OF DEBT | AMOUNT STILL OWED |
|-----------|-----------|--------------|----------------|-------------------|
| 07/28/03 | 09:00 | DENTAL      -HYGIENE/INMATE INIT | $ 3.00 | $ 3.00 |

## C E R T I F I C A T E

    I hereby certify that the petitioner herein has the sum of
$ _— O —_ on account to his credit at the _Southern Correctional_
institution where he is confined. I further certify that petitioner
likewise has the following securities to his credit according to the
records of said _Southern Correctional_ institution: _____

_____ NONE _____

_____

_____

_____

This __6__ day of __August_____, ~~19~~ 2003.

_Nancy J. Harney_
Authorized Officer of Institution